**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Clifford J. Culgan,                                   Case No. 1:11CV2698

      Petitioner

      v.                                                **ORDER**

Warden Tibbles,

      Respondent


This is a habeas corpus petition in which the Magistrate Judge has filed a Report and Recommendation recommending that the petition be dismissed. (Doc. 9). The petitioner has filed objections to the Report and Recommendation. (Doc. 12). The respondent has not filed a response to the objections.

I have reviewed the briefs before the Magistrate Judge, her Report and Recommendation, the petitioner's objections, and pertinent portions of the record. On the basis of that *de novo* review, I find the objections not well taken, I adopt the Report and Recommendation as the order of this court, and dismiss the petition.

I also find no issues as to which a certificate of appealability should issue.

### Background

The petitioner, charged by way of direct indictment, was convicted in 2002 in the Medina County, Ohio, Court of Common Pleas on his plea of guilty to one count of corrupting a minor, one count of attempted pandering of obscenity involving a minor, and two counts of unlawful sexual

conduct with a minor. He received consecutive sentences totaling ten years. He has since completed

serving his prison terms and presently is on post-release supervision.

The state court of appeals summarized the facts of the events giving rise to the petitioner's

conviction and sentence:

> The victim in this case was a thirteen year-old girl who was temporarily living in
> appellant's home with him and his family. Evidence was presented that, between May
> and July of 1999, approximately thirty to forty sexual encounters took place between
> appellant and the victim at appellant's home. During this period of time, appellant
> provided the victim with alcohol and drugs, specifically crack cocaine and ecstasy.
> In one specific incident, once appellant had given the victim cocaine and alcohol, he
> and another woman stripped her naked, bound her by duct taping her wrists to her
> ankles, and made her lay on a pool table protected by plastic that was covered with
> baby oil. Appellant then engaged in sexual intercourse with the victim, with the other
> woman's involvement, while he videotaped the incident. Evidence was presented
> that appellant showed the videotape of this activity to several friends the next day.

*State v. Culgan*, 2003 WL 21221966, at *1 (Ohio App).

Petitioner filed a series of appeals, the most recent of which resulted in a second re-

sentencing. At that proceeding, the trial court confirmed its original sentence. The Ninth District

Court of Appeals affirmed and the Ohio Supreme Court declined review.

In this habeas case, the petitioner asserts five grounds for relief:

1.  The trial court was without subject matter jurisdiction in this case as it was not
    invoked properly in the first instance as statutorily mandated. The lack of subject
    matter jurisdiction renders all proceedings void ab initio, violating the
    Defendant-Appellant's 5th, 6th, & 14th Amendment rights and denying his liberty
    interests established by R.C. 2935.09 regarding the mandatory procedures for
    obtaining an indictment.

2.  The trial court erred in imposing more than the minimum/concurrent sentences on
    the Defendant-Appellant who allegedly committed the offenses prior to the
    announcement of Foster, violating the Defendant-Appellant's constitutional rights
    pursuant to the 5th, 6th, & 14th Amendments to the United States Constitution &
    the Ex Post Facto provisions of both the United States and Ohio Constitutions.

3.  The trial court erred when it failed to include the sexual predator classification on

2

the Defendant-Appellant's sentence & judgment of conviction that contained the sentence pursuant to R.C. 2929.19(B)(4) & 2950.09(B)(4) when it didn't address R.C.2929.19(B)(3)(f) as statutorily mandated, as applied to the Defendant-Appellant when he allegedly committed the offense prior to Senate Bill 10, the Adam Walsh Act.

4.      Mr. Culgan received ineffective assistance of counsel when his attorney failed to move to dismiss the case for want of a speedy trial and instead coerced the Defendant-Appellant to sign a speedy trial waiver, followed by [a] coercive involuntary plea bargain, in violation of the 6th Amendment to the U.S. Constitution & Article I, Section 10 of the Ohio Const.

5.      The trial court erred in imposing a sentence on Mr. Culgan due to the unreasonable delay in imposing a valid sentence, which resulted in a loss of jurisdiction, violating Mr. Culgan's right to due process.

The Magistrate Judge concluded that grounds one, three, and five raised questions of state law, as to which the court does not have jurisdiction. That is correct for the reasons, which I adopt, expressed by the Magistrate Judge.

Turning to the merits of Grounds two and four, I likewise agree with the Magistrate Judge's conclusions and recommendations.

### Ground Two: Ex Post Facto and Due Process

Petitioner's second ground for relief asserts that the trial court violated his rights under the Fifth, Sixth, and Fourteenth Amendments and the Ex Post Facto Clause by sentencing him pursuant to *State v. Foster*, 109 Ohio St. 3d 1 (2006), which the Ohio Supreme Court decided after his crimes, conviction, and sentencing. Though petitioner did not specify which of the rights that those amendments protect he claims were violated, the Magistrate Judge assumed, and I agree, that he is claiming a violation of his right to have a jury determine sentencing enhancing factors.

The trial court, at the second resentencing, sentenced petitioner to consecutive terms – but, in so doing, imposed less than the minimum terms for each of his crimes. Petitioner was sentenced

3

to consecutive terms and less than minimum sentences. Under *Foster*, a trial court can sentence a defendant to any term within the statutory range, and do so consecutively, without making findings of fact. There is no role for a jury to play where such sentencing occurs.

That is what happened here. Neither the sentences for each offense nor the determination that they be served consecutively required any judicial factfinding, because there were no facts which a jury should or could have determined that affected the ultimate sentence. Petitioner's claim to the contrary has no merit.

There is, likewise, no merit to petitioner's claim that his second resentencing in 2009 violated the Ex Post Facto Clause or due process of law:

> The Ex Post Facto Clause, by its own terms, does not apply to courts. Extending the Clause to courts through the rubric of due process . . . would circumvent the clear constitutional text. It also would evince too little regard for the important institutional and contextual differences between legislating, on the one hand, and common law decisionmaking, on the other.

*Rogers v. Tennessee*, 532 U.S. 451, 460 (2001).

To some extent, however, "limitations on ex post facto judicial decisionmaking are inherent in the notion of due process." *Rogers*, 532 U.S. at 456. Thus, a court may not unexpectedly and indefensibly construe a criminal statute so as to criminalize conduct which had not been criminal prior to the court's new construction. *Bouie v. City of Columbia*, 378 U.S. 347 (1964) (due process violated where state, *via* judicial construction of a statute, punished for conduct that was not criminal when committed).

Here, through application of *Foster*, the state did no more than punish petitioner for conduct that was indisputably criminal when he committed it. Nor did his second resentencing, where the court applied *Foster*, result in a higher sentence.

4

Petitioner's claim that somehow application of *Foster* deprived him of notice of the criminal nature of his conduct is also without merit. He may not have known how he would have been punished, but he was on notice that he would be punished if he did the acts which resulted in his conviction. *See U.S. v. Duncan*, 400 F.3d 1297, 1307-08 (11th Cir. 2006) (though statute may have been subject to future constitutional attack, its existence at the time of defendant's crime warned of culpability for his offense).

The Supreme Court's decision in *Booker v. U.S.*, 543 U.S. 220 (2005), is of no help to petitioner because the court in *Foster* turned to *Booker* to cure the unconstitutionality of Ohio's sentencing provisions. *Foster*, 109 Ohio St. 3d at 26-27. In so doing, it left Ohio's judges free to sentence defendants anywhere within the sentencing ranges set by the Ohio legislature for various crimes or to consecutive sentences, using the previously-mandatory factors as guidelines to determine where in the range a defendant should be sentenced. The Sixth Circuit, in any event, has found that the imposition of consecutive sentences pursuant to *Foster* does not violate the Ex Post Facto or Due Process Clauses. *Hooks v. Sheets*, 603 F.3d 316, 320-21 (6th Cir. 2010).

I agree with the Magistrate Judge that petitioner's citation of *Cunningham v. California*, 549 U.S. 270 (2007), is unavailing. In that case, the effect of California's sentencing scheme, which the Court held did not pass constitutional muster, was to require judicial factfinding before a court could impose a sentence higher than a middle range sentence. As noted, no such factfinding is at issue post-*Foster* in Ohio.

I conclude, accordingly, as did the Magistrate Judge, that petitioner's second ground is without merit.

5

### Ground Four: Ineffective Assistance of Counsel

Petitioner claims his attorney failed to provide him constitutionally adequate counsel because he: (1) failed to move to dismiss under Ohio's speedy trial statute; (2) coerced him into signing a waiver of his right to a speedy trial; and (3) coerced him into an involuntary plea bargain.

In response, respondent argues that petitioner's guilty plea waived these contentions.

I agree with this contention, as did the Magistrate Judge. If, during the course of a careful and correct plea-taking proceeding, during which petitioner stated, "Absolutely," when asked if he was satisfied with his attorney's performance, he could and should have spoken up if he believed his counsel had been improperly coercive. When he did not speak up then, and affirmed his confidence in his counsel's performance, he waived any later claim of ineffective assistance of counsel. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense . . . he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Petitioner also claims his lawyer coerced him into pleading guilty by presenting a last-minute statement that, if he did not plea, he was exposing himself to the possibility of two consecutive thirty-two year sentences. Moreover, petitioner asserts, his attorney instructed him to tell the court that no promises had been made and he was pleading voluntarily.

No constitutionally cognizable coercion results where an attorney points out the sentencing consequences of rejecting a plea offer. *See McDonald v. Burke*, 1998 WL 384554, *7 (6th Cir.).

In addition, petitioner expressly declined the court's offer to give him more time before deciding whether to plead. Petitioner also acknowledged that he had enough time with his attorney

6

to discuss the offer. Petitioner, further, confirmed the voluntary nature of his plea.

Here, as the Magistrate Judge noted, "where the court has scrupulously followed the required procedure, 'the defendant is bound by statements in response to that court's inquiry.'" *Baker v. U.S.*, 781 F.2d 85, 90 (1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 596-97 (5th Cir. 1976)).

**Conclusion**

On *de novo* review, I find no fault whatsoever with the Magistrate Judge's careful consideration of petitioner's claims and her conclusion that none of them entitles petitioner to habeas corpus relief.

It is, therefore,

ORDERED THAT:

1.      The Report and Recommendation of the Magistrate Judge be, and the same hereby is, adopted as the order of this court; and

2.      The petition be, and the same hereby is, dismissed.

No certificate of appealability shall issue, as reasonable jurists could not dispute the outcome in this case.

So ordered.

/s/ James G.Carr
Sr. U.S. District Judge

7